# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELVIN FORD,<br><br>    Petitioner,<br><br>v.<br><br>H.A. RIOS, JR., Warden,<br><br>    Respondent. | 1:12-CV-0591 LJO MJS HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT MOTION TO CONSOLIDATE AND CLOSE CASE NO. 1:12-CV-00607 AWI MJS AS DUPLICATIVE<br><br>FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO STATE A COGNIZABLE CLAIM |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.  DISCUSSION**

On April 16, 2012, Petitioner filed the instant petition for writ of habeas corpus. (Pet., ECF No. 1.) The next day, Petitioner filed a pleading labeled "Title 28 U.S.C. § 2241 Supplement Pursuant To Fed. R. Civ. P. 15(a)." The pleading was construed to be a new petition for writ of habeas corpus and assigned a new case number. (See Case No. 1:12-CV-0607 AWI MJS.) In both matters, Petitioner filed motions to consolidate on April 27, 2011 and May 9, 2011, explaining that the second petition was filed as amendment to the original petition, and that Petitioner would like to proceed with only the original action. However it is noted that Petitioner also filed a first amended petition in the later filed action (See Case No.

1:12-CV-0697 AWI MJS, ECF No. 8.)

## II.     MOTIONS TO CONSOLIDATE

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> Consolidation.  If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary costs or delay.

Here, the second filed case is an amended version of the first filed petition, and Petitioner has notified the court that his intent was to only to file one petition.

Accordingly, the Court recommends that the motion to consolidate be granted, the Clerk of the Court administratively close the second case, and that all future pleadings should be identified by the case number of the lead case.

## III.    FAILURE TO STATE COGNIZABLE CLAIMS

A federal court may only grant a petition for writ of habeas corpus if the federal petitioner can demonstrate that he "is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(a), (c)(3).  A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement.  McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. In other words, if a successful conditions of confinement challenge would not necessarily shorten the prisoner's sentence, then § 1983 is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

In this case, Petitioner presents claims of staff misconduct affecting his custody classification score and his request to transfer. The claimed depravation does not impact the duration of his confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil rights complaint. The Court expresses no opinion as to the merits of such

a civil rights complaint.

As it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, Petitioner is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

In an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971). Although the Court may construe a habeas petition as a civil rights action, it is not required to do so. Since the time when the Wilwording case was decided there have been significant changes in the law. For instance, the filing fee for a habeas petition is five dollars, and if leave to proceed in forma pauperis is granted, the fee is forgiven. For civil rights cases, however, the fee is now $350 and under the Prisoner Litigation Reform Act the prisoner is required to pay it, even if granted in forma pauperis status, by way of deductions from income to the prisoner's trust account. See 28 U.S.C. 1915(b)(1). A prisoner who might be willing to file a habeas petition for which he or she would not have to pay a filing fee might feel otherwise about a civil rights complaint for which the $350 fee would be deducted from income to his or her prisoner account. Also, a civil rights complaint which is dismissed as malicious, frivolous, or for failure to state a claim would count as a "strike" under 28 U.S.C. § 1915(g), which is not true for habeas cases.

In view of these potential pitfalls for Petitioner if the petition were construed as a civil rights complaint, the court recommends that the case be DISMISSED without prejudice to Petitioner to present the claims in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than a habeas petition, which will be assigned a separate civil number. The Clerk of Court shall send Petitioner a blank civil rights complaint form along with a copy of this Order.

**IV.     RECOMMENDATION**

Accordingly, the Court recommends that the motion to consolidate be granted, the Clerk of the Court administratively close Case No. 1:12-CV-0697 AWI MJS, and that all future pleadings should be identified by the case number of the lead case, Case No. 1:12-CV-0591 LJO MJS.

Further, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice to allow petitioner to bring a civil rights complaint.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections. The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 15, 2012                         /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE